Taylor, Judge.
It is perfeetty well settled, that the husband *186 is not entitled to the remaindrr of a chattel belonging to the 'wife at the time of the intermarriage.
Vercbct for the plaintiff. .
$¡)uere de hoc—Et vide 1 H. Bl. Rep. 510. A, by deed gives a term to C, his intended wife, and her heirs iramediah ly after the death of him; A, it hold the same to C, and her heirsfor her and their own proper me forever»
The court decided that the deed was a present gift to the wife, in case she survived the husband to take effect in possession in that event ¡ — therefore the right to the term was in the husband. i-
Now here the actual possession was not in the wife, nor-was she entitled to it ’till after her husband’s death ; and yet he was entitled because she had a vested interest. It would be immodest, and presumptuous in 'me to oppose my opinion to that of the learned^ Judge who seem3 to entertain no doubt: Nevertheless, I would recommend a further consideration of this subject.to-the other judges; and the more especially, as I once thought' as they now do, and have altered my opinion upon a discovery of new lights — md as I trust upon sufficient grounds» it is t ue the husband in the case cited, had the possession for his life; but if a third person had been tenant lor life, there would have been the same reason for giving him the property she had a vested interest in. In the cast cited, Hooke Serjeant labored to prove that the wife had but a possibility ; admitting, that if she had a vested interest, it would go to the husband» The counsel on the other side, maintained that such sort of remainders are considered as vested. But what need of all this Struggling, if a remainder though vested, does not accrue to the husband ? — -The bar and court • were ail in an error if the above opinion be correct.